IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMIE R. LEIFKER and
CATARI A. LEIFKER,

                    Plaintiffs,

          v.                                                    OPINION & ORDER

LEIFKER GRAIN, LLC,                                             15-cv-37-jdp
ROBERT J. LEIFKER, and
RITA M. LEIFKER,

                    Defendants.

---

This case arises from the breakup of a family business. Plaintiffs Jamie Leifker and Catari Leifker want their share of the value of the company, Leifker Grain, LLC; defendants dispute the amount.

Plaintiffs now move to exclude defendants' expert witnesses, Ron Helle. Dkt. 10. Helle provided only an informal report by the expert disclosure deadline. Plaintiffs contend that Helle's informal report does not comply with Federal Rule of Civil Procedure 26(a)(2)(B). They also contend that Helle's opinions in that report are unreliable, and therefore excludable under Federal Rule of Evidence 702. The court will grant the motion. Although the court would forgive certain informalities, such as Helle's failure to disclose his compensation and prior testimony, the informal report is too skeletal to provide a meaningful analysis of the value of Leifker Grain. Helle's formal report, which might include a meaningful analysis, was disclosed only on July 21, 2016, far too late to be fair to plaintiffs.

The failure to timely disclose Helle's expert opinions was neither justified or harmless, and thus Rule 37 requires the exclusion of his expert testimony. Plaintiffs also seek to preclude defendants from "presenting *any* expert witness testimony at trial." Dkt. 10

(emphasis added). Because defendants have not suggested that they have disclosed any other expert, plaintiffs' motion will be granted in full.

BACKGROUND

The deadline for expert disclosures was set by agreement of the parties. Plaintiffs disclosed their expert's report, as agreed, on October 30, 2015. Defendants' expert disclosure was due by December 15, 2015. But defendants' only disclosure before the deadline was an informal report in the form of a letter from Ron Helle of Honkamp Krueger & Co, P.C., purporting to update defendants' counsel concerning the status of the tax preparation and accounting for Leifker Grain and affiliated entities, and "to provide . . . a proposal for the resolution of the matters between the member/partners of the above entities." Dkt. 12-3. The informal report did not expressly state Helle's opinion on the value of Leifker Grain at the time of plaintiffs' withdrawal. Instead, it calculated the funds available for distribution as of some unspecified date. (According to Helle's deposition testimony, the date was December 12, 2015. Dkt. 9 (Helle Dep. 16:3-15)).

It is undisputed that the informal report lacked certain items required by Rule 26: it did not disclose (i) all opinions that Helle would provide during the trial, and the reasons for them; (ii) exhibits that defendants would use in connection with Helle's opinions; (iii) cases in which Helle had testified as an expert; and (iv) Helle's compensation. In the email that accompanied the informal report, defendants' counsel explained that plaintiffs should expect the report to be "amplified at trial." Dkt. 12-2.

Defendants later provided plaintiffs with two additional expert disclosures. During Helle's deposition on June 14, 2016, Helle provided plaintiffs' counsel with a spreadsheet

2

purporting to explain Helle's differences with plaintiffs' expert. And on July 22, 2016, defendants disclosed Helle's formal expert report.

Plaintiffs moved to exclude Helle's testimony on August 12, 2016. Defendants' response to plaintiffs' motion was due on August 19, 2016. Although defendants' response was filed late, on August 22, 2016, the court will nevertheless consider it.

ANALYSIS

Rule 26(a)(2)(B) requires a party to produce a written expert report when the party's expert witness is "one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Helle is a retained expert witness who must provide a written report, so Rule 26(a)(2)(B) applies to all of Helle's reports.

## A.  Defendants failed to comply with Rule 26

Rule 26(a)(2)(B) lists six items that an expert's written report must contain:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

*Id.* And the parties must make their disclosures on time. Fed. R. Civ. P. 26(a)(2)(D).

Defendants contend, without any real explanation, that "Mr. Helle's Report and its Amendments Substantially Comply with the Requirements of Fed. R. Civ. P. 26." Dkt. 15, at

3. Helle's first informal report and the spreadsheet produced at the deposition do not come close to substantial compliance with Rule 26. Only Helle's formal report of July 21, 2016, complies substantially with the content requirements in Rule 26, but that report was more than seven months late.

The informal Helle report, the only timely disclosure, must be excluded under Federal Rule of Evidence 702. The court would not find Helle to be unqualified to render an opinion based on the net asset value of Leifker Grain, which the parties apparently agree is the proper approach here. Although Helle is not a business valuation expert, the calculation of net asset value is essentially an accounting task, and he has expertise in that. But Helle's informal report does not calculate the net asset value, so it is not helpful to the court. Implicitly, defendants acknowledged that the informal report was inadequate, because they told plaintiffs to expect that Helle's opinions would be "amplified" at trial. Rule 26 requires full disclosure of an expert's opinions, not suggestions to amplify later.

Defendants have not substantially complied with Rule 26; the remaining question is whether their non-compliance is justified or harmless.

## B.  Defendants' failure to comply with Rule 26 was neither justified nor harmless

When a party violates Rule 26(a), "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)); *accord* Fed. R. Civ. P. 37 ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on

a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Defendants contend that their failure to comply with the rule was justified because Helle's opinion was "so fact-intensive" and he lacked the information necessary for his opinion before the December 15, 2015 deadline. Dkt. 15, at 3. Defendants argue that, as of December 2015, "the parties were months away from serving and answering interrogatories and requests for production," and that plaintiffs were "solely responsible for keeping business records." Dkt. 15, at 4. This argument falls flat.

The court allowed the parties to set their discovery schedule, Dkt. 6, at 1, and defendants freely chose December 15, 2015 as the date by which they would make their required disclosures, Dkt. 12-1. If defendants lacked the necessary information for Helle's expert opinion by December 15, 2015 deadline, then it was incumbent upon defendants to attempt to resolve this issue with plaintiffs, and if that failed, to promptly raise the issue with the court. *See* Dkt. 6, at 3 ("This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order."). Defendants failed to do so. Instead, defendants raise this issue for the first time now, *eight months* after their expert disclosure deadline and only a month before the trial. The court finds no justification for defendants' failure to comply with the expert disclosure deadline.

Nor is defendants' failure to comply with the rule harmless. The purpose of Rule 26(a) is to allow each party a fair opportunity to prepare responses to the opposing party's expert opinions; it levels the playing field. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641-43 (7th Cir. 2008). Here, the deficiencies in defendants' expert reports and defendants' delay

in providing those reports have burdened plaintiffs in preparing responses to Helle's opinions. Plaintiffs were forced to ferret out Helle's undisclosed opinions through a deposition. *See* Dkt. 9. And even *after* Helle's deposition, defendants adduced a further report by him. Plaintiffs would be substantially harmed by requiring them to spend the last month before trial preparing a response to an expert report that should have been disclosed eight months ago. Helle may not testify as an expert for defendants.

## ORDER

IT IS ORDERED that plaintiffs Jamie R. Leifker and Catari A. Leifker's motion to exclude defendants' expert witnesses, Dkt. 10, is GRANTED.

Entered August 25, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge